# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ROGELIO S. MARTINEZ, | ) |
| Movant, | ) |
| | ) Case No. 05-1146-CV-W-DW-P |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

# ORDER

Before the Court is Movant Rogelio S. Martinez's motion for post-conviction relief under 28 U.S.C. § 2255 (Doc. 1). The motion is denied.

In his pro se motion, Martinez requests that his guilty plea and conviction be set aside. Martinez alleges that his plea was unlawfully induced and not entered voluntarily and with full understanding of the nature of the charges and the consequences of the plea. Further, Martinez argues his conviction was obtained by the use of coerced confessions, and the government failed to disclose that the confessions were obtained illegally. Finally, he asserts that he did not receive effective assistance of counsel.

Pursuant to an agreement with the government, Martinez pleaded guilty to possessing methamphetamine with intent to distribute it. At sentencing, this Court departed from the advisory guideline range of 108 to 135 months, imposing 90 months in prison. Martinez, through his counsel, initially filed a notice of appeal, but later dismissed the appeal. Then Martinez filed this pro se motion to vacate, set aside, or correct his sentence. The government filed a response in opposition to the motion (Doc. 6). Martinez did not reply.

Martinez first argues that he did not voluntarily plead guilty.  To set aside his conviction, Martinez must establish that "the totality of the circumstances indicates that he did not understand the charges to which he entered a plea of guilty."  Roberson v. United States, 901 F.2d 1475, 1477 (8th Cir. 1990); see also United States v. Nieuwsma, 779 F.3d 1359, 1361-62 (8th Cir. 1985).

In his agreement with the government, Martinez acknowledged that he was pleading guilty to possessing methamphetamine with intent to distribute.  He acknowledged the statutory range of punishment, and that the Court could impose any reasonable sentence within that range.  At the change of plea hearing, with an interpreter, Martinez said he understood the plea agreement, that he reviewed it with his lawyer, understood the charge and the range of possible punishment, had not been threatened or coerced, and entered his plea voluntarily.  This Court found that the plea was entered voluntarily, with an understanding of the consequences.  Based on the record, Martinez cannot show that he did not understand the consequences of pleading guilty.  See Roberson, 901 F. 2d at 1477.  Therefore, the motion will be denied on this point.

Next, Martinez argues that his conviction "was obtained by the use of coerced confession of the defendant and the co-defendant, which was made without the full understanding of the nature of the charge and the consequences of the charge."  First, there is no indication in the record that Martinez gave any confession at all.  As for the codefendant, who did confess to transporting methamphetamine, nothing in the record even arguably suggests the confession was coerced.  And even if the confession was coerced, Martinez lacks standing to challenge the voluntariness of the codefendant's statement.  See United States v. Salvucci, 448 U.S. 83, 86-87 (1980); Rakas v. Illinois, 439 U.S. 128, 133-34 (1978) (defendant may challenge evidence only if

defendant's own constitutional rights have been violated).

A related contention raised by Martinez is that his conviction "was obtained through induced and coerced statements by the codefendant's which were known to have been falsely made, however the prosecution failed to disclose the information to the defendant." Because there is no evidence suggesting that statements of the codefendant were unconstitutionally induced or coerced, Martinez's claim that the government knew the confession was illegally obtained must also fail.

Finally, Martinez contends he received ineffective assistance of counsel. He claims that counsel "did an inadequate job for his representation, poor client-attorney communications, lacked proper investigation techniques, and proper enforcement of the defendant's constitutional rights."

Strickland v. Washington, 466 U.S. 668 (1984), established a two-part test for evaluating claims of ineffective assistance of counsel. First, a movant must show that counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. To satisfy this prong of the test, a petitioner must overcome the strong presumption that counsel's conduct was within the wide range of reasonable professional assistance; the Court must be highly deferential when reviewing counsel's performance. See id. at 689. Second, a movant must demonstrate that but for counsel's unprofessional errors, the result of the proceeding would have been different. See id. at 694.

Applying Strickland, the Court finds that Martinez fails to overcome the presumption that his counsel's conduct was reasonable. Martinez points to no *specific* examples of ineffectiveness on the part of defense counsel. Further, he fails to even allege prejudice. Martinez's ineffective

3

Case 4:05-cv-01146-DW   Document 8   Filed 04/13/06   Page 3 of 4

assistance of counsel claim is therefore denied.

Upon review of the motion, the Court concludes that Martinez has not made a substantial showing of the denial of a constitutional right such that the issues presented are debatable among jurists of reason.  See Randolph v. Kemna, 276 F.3d 401, 403 n.1 (8th Cir. 2002); 28 U.S.C. § 2253(c)(2).  Therefore, the Court denies a certificate of appealability.

It is hereby

ORDERED that Martinez's section 2255 motion (Doc. 1) is DENIED.  Furthermore, the Court DECLINES to issue a certificate of appealability on any of the claims raised in the motion.

SO ORDERED.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

Date:  April 13, 2006